IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03128

SAMMY NARANJO,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
ROSIAK,
HICKS,
CHARLIE DANIELS, and
JOHN DOES #1, #2, #3, and #4,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Sammy Naranjo, is in the custody of the federal Bureau of Prisons

(BOP) and is incarcerated at the United States Penitentiary in Coleman, Florida.  He

has filed ***pro se*** a Complaint asserting a deprivation of his constitutional rights pursuant

to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of***

***Narcotics***, 403 U.S. 388 (1971).  Mr. Naranjo also asserts a claim under the Privacy

Act, 5 U.S.C. § 552a.  Plaintiff has paid the filing fee.

The Court will construe the Complaint liberally because Mr. Naranjo is not

represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall***

***v. Bellman***, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act

as an advocate for ***pro se*** litigants.  ***See Hall***, 935 F.2d at 1110.  The Court has

reviewed the complaint and has determined that it is deficient.  Mr. Naranjo therefore

will be directed to file an amended complaint for the reasons discussed below.

Mr. Naranjo alleges in his Complaint that while he was incarcerated at FCI-Texarkana, Texas, Defendant Rosiak and John Doe #1 violated his Fifth Amendment due process rights when they classified Plaintiff as a Texas Mexican Mafia gang member in 2006, without affording him notice and an opportunity to be heard.  Plaintiff further asserts that the false gang classification was in retaliation for Plaintiff's complaint filed with the Department of Justice (DOJ) asserting civil rights violations by Defendant Rosiak.  As a result of the false gang member designation, Mr. Naranjo's security classification was increased and he was transferred to a higher security facility. Plaintiff's efforts to have the false gang member designation expunged from his Central File pursuant to his Bureau of Prisons administrative remedies and under the Privacy Act have been unsuccessful.  Plaintiff claims that the DOJ's Privacy Act regulations, which exempt inmate central records from the Act's accuracy and correction provisions, are unconstitutional.

Plaintiff further alleges that in 2010, while he was incarcerated at USP-Allenwood, Pennsylvania, Defendant SIS investigator Hicks falsely told verified Texas Mexican Mafia gang members that Plaintiff had informed Hicks that he was a Texan Mexican Mafia gang member. Mr. Naranjo asserts that Defendant Hicks retaliated against him for asking Hicks repeatedly to remove the false gang member designation from his prison file.  Mr. Naranjo further asserts that Defendant Hicks acted with deliberate indifference to a substantial risk that Plaintiff would be harmed by Texas Mexican Mafia gang members.

Finally, Plaintiff alleges that when he arrived at USP-Florence, Colorado, in 2010,

he explained the background of his false gang member designation and conveyed his concerns for his safety to Defendants Captain John Doe #2, SIA investigator John Doe #3, and SIS Investigator John Doe #4.  Plaintiff alleges that the Defendants knew that Texas Mexican Mafia gang members were in the general population at USP-Florence, but placed Plaintiff in the general population anyway. Plaintiff further alleges that he "expressed his situation and safety concerns" to Defendant Daniels in person and in correspondence, to which Daniels never made a response.  On December 3, 2010, Plaintiff was stabbed approximately 25 times in the upper torso by Texas Mexican Mafia gang members while leaving the recreation yard. Mr. Naranjo seeks injunctive and monetary relief.

This Court lacks venue to review Mr. Naranjo's claims against Defendants Rosiak, John Doe #1, and Hicks because those Defendants are alleged to reside outside the State of Colorado and the alleged unconstitutional conduct involving them occurred outside of Colorado.  Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Therefore, the claims against Defendants Rosiak, John Doe #1 and Hicks are not properly before this Court and are subject to *sua sponte* dismissal.  *See Trujillo v.*

*Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).  Alternatively, the court may exercise its discretion to cure jurisdictional and venue defects by transferring claims to a district where venue is proper, if such a transfer is in the interest of justice.  *Id.* at 1222-23 (citing 28 U.S.C. §§ 1406(a) and 1631).  The Court finds in this case that transfer of the claims against Rosiak and John Doe #1 would not be in the interest of justice because the *Bivens* claims appear to be time-barred. *Bivens* actions are "subject to the statute of limitations of the general personal injury statute in the state where the action arose." *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.1994).  Texas provides a two-year statute of limitations for such actions. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a); *Grace v. Colorito*, 4 S.W.3d 765, 769 (Tex. App. 1999).  Mr. Naranjo initiated this action on November 30, 2012, approximately six years after the alleged unconstitutional conduct by Defendants Rosiak and John Doe #1.

Furthermore, the Complaint is deficient because Mr. Naranjo fails to allege facts to show the personal participation of each Defendant in a violation of his constitutional rights.  Personal participation by the named defendants is an essential allegation in a civil rights action.  *See Kite v. Kelley*, 546 F.2d 334, 338 (1976).  Mr. Naranjo therefore must show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  A supervisor, such as Warden Daniels, cannot be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for a constitutional violation that he

4

or she has caused. **See Dodds v. Richardson,** 614 F.3d 1185, 1199 (10th Cir. 2010).

Accordingly, there must be an affirmative link between the alleged constitutional

violation and each Defendant's participation, control or direction, or failure to supervise.

**See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993); **see also**

**Richardson**, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under §

1983 [or **Bivens**] where an 'affirmative' link exists between the unconstitutional acts by

their subordinates and their 'adoption of any plan or policy . . .–express or

otherwise–showing their authorization or approval of such 'misconduct.'") (quoting

**Rizzo v. Goode**, 423 U.S. 362, 371 (1976)).

Finally, Mr. Naranjo may use fictitious names, such as Jane or John Doe, if he

does not know the real names of the individuals who allegedly violated his rights.

However, if Mr. Naranjo uses fictitious names he must provide sufficient information

about each defendant so that each defendant can be identified for purposes of service.

Accordingly, it is

ORDERED that Plaintiff, Sammy Naranjo, file **within thirty (30) days from the**

**date of this order,** an Amended Complaint on the court-approved Prisoner Complaint

form that complies with the directives in this Order.  It is

FURTHER ORDERED that Mr. Naranjo shall obtain the court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Naranjo fails to file an Amended Complaint that

complies with this order within the time allowed, the complaint and this action will be

dismissed without further notice.

DATED December 11, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge