**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-03128-CMA-KMT

SAMMY NARANJO,

     Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al.
FEDERAL BUREAU OF PRISONS,
CHARLIE DANIELS,
RIVERS, and
JOHN DOE #1,

     Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on Defendants' Motion to Dismiss (Doc. # 26) and for Partial Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. # 27). For the following reasons, the Defendants' Motions are granted and this case is dismissed.

## I. BACKGROUND

The Court only briefly recites the facts giving rise to this case because it dismisses the action without reaching the merits. Plaintiff Sammy Naranjo, a prisoner proceeding *pro se*, advances two broad claims against Defendants, all institutions and personnel affiliated with the Federal Bureau of Prisons (BOP). First, Mr. Naranjo alleges that Defendants violated his Fifth Amendment right to procedural due process

1

by identifying him as a member of a gang, the Mexican Mafia, without according him adequate process to contest this identification or a mechanism to sufficiently interrogate the basis for their determination. Second, Mr. Naranjo advances myriad arguments regarding his treatment by prison personnel in December 2010. He alleges this conduct violates his rights under the Eighth Amendment. Further, he alleges that both constitutional causes of action arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

After Mr. Naranjo filed his complaint, the government filed motions to dismiss and for summary judgment. Mr. Naranjo initially requested and was granted an extension of time to respond to the government's motions. (Doc. ## 30, 31). But he never filed any response, so the Court is deprived of the benefit of adversarial briefing on the questions raised by the government.

The failure to respond also has implications for how this Court construes Mr. Naranjo's claims. Although the Court must construe *pro se* pleadings liberally, a *pro se* litigant must still comply with procedural rules. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Consequently, a *pro se* plaintiff who fails to respond to a defendant's motion within the time specified effectively "waive[s] the right to file a response and confesses all facts asserted and properly supported in [a] motion." *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1199 (10th Cir. 2002).

At the same time, the failure to respond is usually insufficient reason for the Court to grant the government's motions. *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003). Absent an explicit finding that the failure to respond merits dismissal as a sanction, the Court must review the plaintiff's allegations and determine whether they survive the motion to dismiss or for summary judgment. *See,*

*e.g.*, *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (describing inquiry for determining whether dismissal is appropriate sanction).

The Court declines to use dismissal as a sanction and engages in the appropriate analysis of the government's motions. It concludes that both of Mr. Naranjo's claims fail because of the manner in which Mr. Naranjo has proceeded with this and prior litigation. As explained below, Mr. Naranjo's first claim is precluded under principles of res judicata and his second claim is barred because of Mr. Naranjo's failure to exhaust administrative remedies.

## II.  ANALYSIS

**A.      PROCEDURAL DUE PROCESS CLAIM**

First, the government asserts that Mr. Naranjo cannot state a procedural due process claim upon which relief can be granted. In part, the government argues that Mr. Naranjo cannot state such a claim because another court has already decided the scope of Mr. Naranjo's procedural due process rights and the doctrine of *res judicata* precludes him from revisiting that issue here.

1.  Standard of Review

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action. Application of the doctrine relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, prevents inconsistent decisions, and encourages reliance on adjudication." *Parkins v. Patterson*, 215 F.3d 1337 (10th Cir. 2000) (internal citations and quotation marks omitted).

The government advances this *res judicata* argument as part of its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), relying in part on a judicial

decision from a different federal district court.

In considering the government's motion to dismiss, the Court must accept all "well-pleaded allegations" in Mr. Naranjo's complaint as true and "construe them in the light most favorable to" him. *Alvorado v. KOB-TV, L.L.C.*, 493 f.3D 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). On its review of the complaint, this Court must determine whether Mr. Naranjo has stated a plausible claim for relief, and if he has not, this Court must dismiss the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Normally, "[w]hen a party moves to dismiss under Rule 12(b)(6) and the district court relies upon material from outside the complaint, the court converts the motion to dismiss into a motion for summary judgment." *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005). Nevertheless, there is ample authority to consider a *res judicata* claim at the motion to dismiss stage, provided there are no disputed questions of material fact and all the documents necessary for the court's ruling can be judicially noticed. *See Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1st Cir. 2008); 18 Charles Alan Wright, et al., Fed. Prac. & Proc. Juris. § 4405 (2d ed. Apr. 2013).

Here, the Court considers the government's motion not as one for summary judgment but as a motion to dismiss because, as is detailed below, the only record outside of the complaint that this Court relies upon is a publicly available and judicially noticeable decision. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979) (noting that "the doctrine of judicial notice has been utilized, [s]ua sponte, when the defending party's motion . . . is predicated on affirmative defenses such as Res judicata").

2. Application

The Supreme Court has characterized *res judicata* as creating two distinct barriers to repeat litigation.  For the Court, the broad doctrine is referred to as *res judicata*.  The two distinct barriers are *claim* preclusion and the second *issue* preclusion or collateral estoppel.  *See Allen v. McCurry*, 449 U.S. 90, 94 n.5 (discussing the development of this terminology).  The government argues that both issue and claim preclusion apply here.  The Court agrees with the government that issue preclusion (or collateral estoppel) does apply; it therefore declines to reach the question of whether claim preclusion also applies.

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit *on a different cause of action* involving a party to the first case."  *Drexler v. Kozloff*, 210 F.3d 389 (10th Cir. 2000) (quoting *Allen,* 449 U.S. at 95) (emphasis supplied by *Drexler* court).  This same principle applies to prior adjudications of constitutional issues as between different federal courts.  *See Allen,* 449 U.S. 90 (so holding in the context of a Fourth Amendment issue); 18B Charles Alan Wright, et al., Fed. Prac. & Proc. Juris. § 4466 (2d ed. Apr. 2013) (explaining that doctrine of *res judicata* applies as between federal courts).  "Furthermore, once an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case."  *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992).

For collateral estoppel to apply: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full

and fair opportunity to litigate the issue in the prior suit.   *See Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

Collateral estoppel is implicated here because Mr. Naranjo litigated a claim similar to the instant one in *Naranjo v. Martinez*, No. 4:CV-08-1755, 2009 WL 4268598 (M.D. Pa. Nov. 24, 2009) (*Naranjo I*).  In that case, Mr. Naranjo brought an action against the BOP and the warden of the BOP facility where he was detained. Similar to this case, Mr. Naranjo alleged that these defendants violated his rights to procedural due process when they classified him as a gang member.  The government moved to dismiss this claim, arguing in part that such a classification was not accorded any procedural due process protections.

The *Naranjo I* court agreed with the government, reasoning that Mr. Naranjo "does not enjoy a constitutional right to a classification, placement, or custody level within the BOP."  *Naranjo I*, 2009 WL 4268598, at *2.  The Court therefore granted the government's motion to dismiss Mr. Naranjo's due process claim.

The *Naranjo I* court's ruling on this issue was necessary to a judgment on the merits of his constitutional claim, which was rooted in the same type of constitutional cause of action as the one advanced in this case.   *Naranjo I* was also a suit against parties—officials working for and entities that are part of the federal government— who are in privity with the defendants in the instant action.   Further, Mr. Naranjo had the full and fair opportunity to litigate this claim in the *Naranjo I* court. *Cf. Tabman v. U.S. Dep't of Justice*, 722 F. Supp. 2d 113, 116 (D.D.C. 2010).

The *Naranjo I* court's ruling, which decided the scope of Mr. Naranjo's procedural due process rights, estops Mr. Naranjo from advancing a theory that would require this Court to interpret the issue in a different way.  Further, it does not

matter that Mr. Naranjo raises *new arguments* in this case that he did not advance in *Naranjo I*. This Court must give effect to the issue decided regardless of the new arguments advanced by the estopped party. *Cf. Yamaha Corp. of Am.*, 961 F.2d at 254.

Therefore, in this case, the doctrine of *res judicata* precludes Mr. Naranjo from stating a procedural due process claim upon which relief can be granted. Therefore, this claim is necessarily dismissed with prejudice.[1]

## B.      EIGHTH AMENDMENT CLAIM

The government also argues that Mr. Naranjo's Eighth Amendment claim fails. It advances this argument under Federal Rule of Civil Procedure 56, alleging that there is no genuine dispute of material fact as to whether Mr. Naranjo has exhausted his administrative remedies under the Prison Litigation Reform Act (PLRA).

The PLRA requires that before Mr. Naranjo may sue prison officials, he must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a).

---

[1] To be clear, this ruling should not be interpreted as an endorsement of the *Naranjo I* court's resolution of Mr. Naranjo's constitutional claim. Contrary to what the *Naranjo I* court implies, there is significant authority suggesting that procedural due process concerns *are* implicated when a prison decides to classify a prisoner as a member of a particular group and then this classification triggers a change in the prisoner's custody level. *See, e.g.*, *Welch v. Bartlett*, 196 F.3d 389, 393 (2d Cir. 1999) (suggesting that under certain circumstances, a change in custody level that causes a "significant hardship" not endured by general population prisoners could implicate a liberty interest requiring procedural due process protections); *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999) ("The Supreme Court has held that when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court, a prisoner is entitled to some procedural protections" (citing *Sandin v. Conner*, 515 U.S. 472 (1995)); *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997) (holding that sex offender classification, because it can cause severe hardships for prisoners, could require procedural due process protections). At the same time, regardless of how this Court would rule on the merits of this constitutional issue, it must give effect to a prior court's decision on the matter. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("[A]n erroneous conclusion reached by the court in the first suit does not deprive the defendants in the second action of their right to rely upon the plea of *res judicata*." (internal quotation marks omitted)).

Failure to do so bars a claim from federal court. *Jones v. Block*, 549 U.S. 199, 211 (2007).  As Mr. Naranjo admits in his complaint, all of the events giving rise to his Eighth Amendment claim occurred in or around December 2010 at a BOP facility in Florence, Colorado.  (Doc. # 1, 35-44.)  Thus, Mr. Naranjo was obligated to pursue his grievance claims against Defendants regarding any aspect of his confinement by proceeding through the four- step Administrative Remedy Program that the BOP made available to him.  *See* 28 C.F.R. § 542.10-19.  First, Mr. Naranjo could have attempted to resolve the complaint informally with the appropriate BOP employee.  *Id.* § 542.13(a).  Second, if dissatisfied with the result of step one, he could have filed an Administrative Remedy request with the prison warden within twenty days of the incident.  *Id.* § 542.14(a).  Third, he could have appealed the warden's decision to the BOP's Regional Director within twenty days of that decision.  *Id.* § 542.15(a).  Finally, he had thirty days to appeal the Regional Director's decision to the BOP's General Counsel.   *Id.*

Nevertheless, as is detailed in an affidavit and exhibits submitted by the government, Mr. Naranjo failed to follow this process with respect to his Eighth Amendment claim.  (Dkt. # 27-1)  Further, the Court accepts the government's detailed contentions as true, absent objection from Mr. Naranjo.  *See Murray*, 312 F.3d at 1199.  Thus, the Court must dismiss Plaintiff's Eighth Amendment claim against the defendants as unexhausted.

Unhausted claims come in two forms: those that are "temporary, curable, procedural flaw[s]," which can be dismissed without prejudice, and those that are incurable, which should be dismissed with prejudice.  *Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006), *overruled in part on other grounds as recognized by*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008).

In this case, the administrative procedures outlined in the government's affidavit and in BOP regulations require Mr. Naranjo to bring administrative challenges within  twenty days of the incident giving rise to the complaint. Nevertheless, as the affidavit details, Mr. Naranjo has failed to fulfill this procedural requirement.  With nearly three years having passed since the December 2010 incident, the possibility that Mr. Naranjo may yet exhaust his claim is foreclosed. Therefore, Plaintiff's claims  arising from the December 3, 2010 incident and alleged property theft are dismissed  with prejudice.  *See Kikumura*, 461 F.3d at 1290.

### III. CONCLUSION

For the reasons stated above, it is ORDERED that the government's Motion to Dismiss (Dkt. # 26) and Motion for Partial Summary Judgment (Dkt. # 27) ARE GRANTED.  Further, this Court dismisses both of Mr. Naranjo's claims WITH PREJUDICE and DISMISSES this case.[2]

DATED:  November 29, 2013

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[2]  The government did not file its motions on behalf of the John Doe defendant, but nevertheless argues that he should be dismissed from the case because Mr. Naranjo has failed to serve him with a copy of the complaint within 120 days of its being filing, in violation of Rule 4 of the Federal Rule of Civil Procedure.   (Doc. # 26, at 1 n.1.)  The Court need not reach this argument.  For the reasons stated above, Mr. Naranjo's two claims would also fail against this defendant and are therefore dismissed with prejudice.  *Cf. Casey v. Mabus*, 878 F. Supp. 2d 175, 180 (D.D.C. 2012); *Tolley v. Illinois*, CIV 06-627-GPM, 2006 WL 3842120 (S.D. Ill. Dec. 20, 2006).